## No. 15,731.

### Hill et al. *v.* Coles et al.
(192 P. [2d] 889)

Decided April 12, 1948.  Rehearing denied May 3, 1948.

Mr. MITCHELL BENEDICT, for plaintiffs in error Hill.

Mr. JEAN S. BREITENSTEIN, Mr. JOHN G. REID, for plaintiff in error Cameron.

Messrs. DINES, DINES & HOLME, Mr. HAROLD D. ROBERTS, Mr. MILTON J. KEEGAN, for defendants in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

PLAINTIFFS HILL on August 9, 1943 executed and delivered a five-year oil and gas mining lease to Burton E. Coles, trustee, on Mid-Continent 88 revised universal printed form, which provided in paragraph 5, that if operations for drilling were not commenced on or before one year, the lease should terminate as to both parties, "unless the lessee shall, on or before one year from this date, pay or tender to the lessor * * * the sum of five hundred and seventeen dollars ($517.00) which shall operate as rental and cover the privilege of deferring the commencement of drilling operations for a period of one year. In like manner and upon like payments or tenders, the commencement of drilling operations may be further deferred for like periods successively." At the bottom of the lease there was inserted the following typewritten sentence: "It is specifically understood that the first year's rental in amount of $517.00 will be due and payable on October 1, 1943, as an advance rental, in event a well is not commenced upon said acreage upon that date."

September 29, 1943, lessee paid rental of $517.00 pursuant to the terms of the lease, and under date of January 31, 1945, without further payments having been made under the lease, and with no drilling of a well commenced, plaintiffs Hill executed and delivered an oil and gas lease to intervener George E. Cameron, covering

the same lands as had the former lease to Coles. Shortly thereafter, plaintiffs Hill brought this action against Coles to have their title to the leased property quieted. Sundry assignments of interests and conveyances of royalty under the Coles lease required joining the other parties defendant, and plaintiff in error, Cameron, as holder of the second lease, intervened. The trial court found for defendants and gave judgment accordingly.

The sole question here involved is the construction of the clauses of the Coles lease hereinabove set out. In customary form of "unless" leases the printed paragraph 5 of the Coles lease in legal effect allowed the lessee a full year before commencing drilling operations or making payment of rental in lieu thereof. Within that time he might abondon the lease and be free from obligation. 2 Summers Oil and Gas (Permanent ed.), p. 216, §337. At the end of the year, that is, on August 9, 1944, the lease terminated unless he had either started drilling operations or made a payment of $517.00 "which shall operate as rental and cover the privilege of deferring the commencement of drilling operations for a period of one year." Such payment in lieu of drilling constituted the first year's rental provided for in the lease. It was not due and payable until August 9, 1944, and if paid on or before that date the lease continued in effect without drilling or further payment for a period of one year, or until August 9, 1945.

The typewritten clause, inserted at the end of the lease, must prevail over the antecedent printed clause. The typewritten clause contains no provision for further payments than already required under the printed form, and makes no change of the due date of any payment except "the first year's rental." It provides only that "the first year's rental" shall be due and payable October 1, 1943 "as an advance rental." It does not say *a* first year's rental, which might be construed to mean an additional rental in lieu of drilling operations during the first year of the lease; instead, it says *the*

first year's rental which can only refer to the first year's rental provided for in the lease. It does not say it shall be payable as an *additional* rental, but merely as an *advance* rental; that is, instead of being payable on or before August 9, 1944, its date of payment shall be advanced to October 1, 1943.

We find no ambiguity in the typewritten clause, and no need to fall back on rules for the construction of ambiguous clauses. Since the principal parties here are those whose interests have been acquired subsequent to the making of the lease, and who were not present at its execution, and who had no knowledge as to the construction of the instrument except that appearing from the instrument itself, evidence aliunde, as to its meaning or its construction by the original parties, is not admissable as to them. However, we have carefully considered the testimony and correspondence set out in the record, and find nothing therein to persuade us as to different interpretation. Accordingly, we must follow the determination of the trial court, that upon the making of the advance rental payment of September 29, 1943, normally payable August 9, 1944, the time of commencement of drilling operations was extended for a period of one year from that date, or until August 9, 1945; and that the Coles lease was in effect at the time of the making of the Cameron lease and at the time of the commencement of this action.

The judgment of the trial court is affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE ALTER dissent.